UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID U., <br><br>          Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>          Defendant. | Case No. C21-937-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing medical opinion evidence, which led the ALJ to err in assessing Plaintiff's residual functional capacity. (Dkt. # 17 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1977, has a GED, and previously worked installing insulation. AR at 47-48. Plaintiff was last gainfully employed in January 2017. *Id.* at 237.

ORDER - 1

1    In April 2019, Plaintiff applied for benefits, alleging disability as of January 31, 2017.

2 AR at 184-96. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

3 requested a hearing. *Id.* at 108-11, 113-18, 121-22. After the ALJ conducted a hearing in

4 November 2020 (*id.* at 40-57), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at

5 24-34.

6    As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

7 Commissioner's final decision. AR at 10-15. Plaintiff appealed the final decision of the

8 Commissioner to this Court. (Dkt. # 5.)

9                    **III.   LEGAL STANDARDS**

10    Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

11 security benefits when the ALJ's findings are based on legal error or not supported by substantial

12 evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

13 general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

14 ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

15 (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

16 alters the outcome of the case." *Id*.

17    "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

18 relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

19 *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

20 Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

21 testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

22 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

23 neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
2  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

3                                    **IV.**    **DISCUSSION**

4          Plaintiff argues that the ALJ erred in discounting opinions written by examining
5  psychologist Carl Epp, Ph.D., and treating mental health clinician Aimee McFarlane, M.A.,
6  LMHC-A. Plaintiff also argues that the ALJ erred in crediting the State agency opinions.

7          Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the
8  ALJ's evaluation of medical opinion evidence. The new regulations require ALJs to explain their
9  reasoning with specific reference to how they considered the supportability and consistency
10 factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must be legitimate.
11 *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D.
12 Wash. Sept. 11, 2020). The Court continues to consider whether the ALJ's analysis has the
13 support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these
14 standards in mind, the Court will address each disputed opinion in turn.

15         **A.**    **The ALJ Erred in Assessing Dr. Epp's Opinions**

16         Dr. Epp examined Plaintiff twice, in March 2018 and March 2019, and completed DSHS
17 form opinions on both occasions. AR at 320-24, 685-90. Dr. Epp identified multiple marked and
18 severe mental limitations. *Id*.

19         The ALJ found Dr. Epp's opinions to be "less persuasive" because Dr. Epp "seem[ed] to
20 ignore [Plaintiff's] drug use." AR at 32. Although Dr. Epp did not address Plaintiff's substance
21 use in either opinion report (*id*. at 320, 686), the ALJ's decision indicates that Plaintiff is no
22 longer using substances and did not list any substance use disorder as a medically determinable
23 impairment. *See id*. at 27. Thus, it is not clear how Dr. Epp's consideration of Plaintiff's prior

ORDER - 3

substance use would have impacted his assessment of Plaintiff's current limitations.

The ALJ also found that the limitations described by Dr. Epp were inconsistent with the treatment record, which suggested "no more than moderate limitations" because Plaintiff was observed to have fair cognition, average intellectual functioning, cooperative behavior, good concentration, neat appearance, and normal behavior, and he also reported that he can manage his own self-care. AR at 32 (citing *id*. at 263, 341, 364, 389, 392, 462, 465, 471, 477, 486, 492, 501, 560, 576, 578). These normal findings are cherry-picked from treatment records (including some of those same records cited by the ALJ) that overwhelmingly document persistent hallucinations, delusions, and/or suicidality, and normal findings as to, for example, cognition or appearance do not contradict those symptoms or the resulting limitations. *See, e.g.*, *id*. at 332, 335, 338, 341, 349, 356, 364, 370, 377, 385, 397, 426-28, 448, 492, 550-52, 602, 624, 626, 629-31, 633-41, 645-47, 652, 654, 656-57, 659, 663-65, 670. The ALJ misrepresented the overall record when plucking a few normal findings. *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record."). Accordingly, because the ALJ's assessment of Dr. Epp's opinions is not based on legitimate reasons supported by substantial evidence, the Court finds that the ALJ erred in assessing Dr. Epp's opinions.

### B. The ALJ Erred in Assessing Ms. McFarlane's Opinions

Ms. McFarlane, Plaintiff's treating provider, completed two opinions regarding Plaintiff's symptoms and their effect on his ability to work. AR at 709-16. In relevant part, Ms. McFarlane opined that Plaintiff's psychotic and mood symptoms have persisted despite treatment and are severe enough in multiple functional categories to preclude employment. *Id*.

ORDER - 4

The ALJ found Ms. McFarlane's opinions to be unpersuasive because the treatment record indicates that Plaintiff's limitations are no more than moderate. AR at 32. The ALJ cited the same evidence cited with respect to Dr. Epp's opinions and, as explained *supra*, the Court finds that these citations do not accurately reflect the entire record and fail to account for the many abnormal findings throughout the record. Accordingly, because the ALJ's assessment of Ms. McFarlane's opinions is not based on legitimate reasons supported by substantial evidence, the Court finds that the ALJ erred in assessing Ms. McFarlane's opinions.

### C. The ALJ Erred in Assessing the State Agency Opinions

The ALJ found the State agency opinions (AR at 60-81, 84-107) to be persuasive because the moderate limitations identified by the psychological consultants were consistent with the treatment record, citing the same evidence discussed *supra* with respect to Dr. Epp's opinions. *Id*. at 31-32. As explained above, the Court finds that the ALJ's citations do not accurately reflect the entire record and, therefore, the ALJ's reasoning is neither legitimate nor supported by substantial evidence. Thus, the Court finds that the ALJ erred in assessing the State agency opinions.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinions written by Dr. Epp, Ms. McFarlane, and the State agency psychological consultants, and reconsider any other part of the decision as necessary.

\\

\\

Dated this 2nd day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6